01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM DAVID MARTIN,                    )
                                         )
            Plaintiff,                   )      Case No. C05-1330-JCC-JPD
                                         )
      v.                                 )
                                         )
JO ANNE B. BARNHART, Commissioner        )      REPORT AND RECOMMENDATION
of Social Security Administration,       )
                                         )
            Defendant.                   )
_____  )

17              I.  INTRODUCTION AND SUMMARY CONCLUSION

18          Plaintiff William David Martin is proceeding pro se and in forma pauperis ("IFP") in

19  this civil action against the Commissioner of the Social Security Administration

20  ("Commissioner").  Plaintiff alleges that an administrative law judge ("ALJ") erroneously

21  denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security

22  Income ("SSI").  Dkt. No. 3.  Defendant has filed a motion to dismiss in lieu of an answer.

23  Dkt. No. 14.  The Commissioner argues that plaintiff failed to timely file this civil action.  *Id*.

24  Plaintiff has not filed a response to the motion.  Having carefully reviewed defendant's motion

25  and the balance of the record, the Court recommends that defendant's motion to dismiss (Dkt.

26  No. 14), be GRANTED, because plaintiff failed to commence suit within sixty  days of the

REPORT AND RECOMMENDATION
PAGE - 1

01 Commissioner's final administrative decision.

02 II.  FACTS AND PROCEDURAL HISTORY

03 The facts of this case are brief and undisputed.  On March 22, 2001, plaintiff filed

04 applications for DIB and SSI.  Dkt. No. 15, Ex. 1.  After the applications were denied both

05 initially and upon reconsideration, an administrative hearing was held before an ALJ.  *Id.*  On

06 April 19, 2004, an ALJ issued a decision finding plaintiff not disabled.  *Id.*

07 Plaintiff appealed the decision and on May 12, 2005, the Social Security

08 Administration's Appeals Council mailed a notice advising him that his request for

09 administrative review had been denied.  Dkt. No. 15, Ex. 2.  The letter stated that plaintiff had

10 sixty days from receipt of the notice to file a civil action challenging the ALJ's decision, and

11 that plaintiff was presumed to have received the letter five days after the date it was sent.  *Id.*

12 Additionally, the letter advised plaintiff that he could file a request for an extension of time to

13 file a civil action.  *Id.*  Plaintiff filed no such request.  Dkt. No. 15 at ¶ (3)(b).

14 On August 11, 2005, plaintiff filed an IFP application, together with his complaint.

15 Dkt. No. 1.  The Court directed service of the complaint on defendant.  Dkt. Nos. 7-10.  On

16 March 29, 2006, defendant filed the present motion to dismiss in lieu of an answer.  Dkt. No.

17 14.  In this motion, defendant argues that plaintiff failed to timely commence his action within

18 sixty days of receipt of the Appeals Council's notice, and that plaintiff has not requested an

19 extension of time.  *Id.*  Plaintiff has not responded.

20 III.  ANALYSIS

21 A plaintiff may not sue the United States unless Congress explicitly has waived

22 sovereign immunity and provided for a procedure and jurisdiction for doing so in a federal

23 district court.  *Tucson Airport Authority v. General Dynamics Corp.*, 136 F.3d 641, 644 (9th

24 Cir. 1998) (citing *North Star Alaska v. United States,* 9 F.3d 1430, 1432 (9th Cir.1993) (en

25 banc)).  Section 405(g) of Title 42 of the United States Code provides the time and manner for

26 which suits against the Commissioner for the denial of Social Security benefits may be brought.

REPORT AND RECOMMENDATION
PAGE - 2

01  It states:

02  > Any individual, after any final decision of the Commissioner of Social Security
    > made after a hearing to which he was a party, irrespective of the amount in
03  > controversy, may obtain a review of such decision by a civil action commenced
    > within *sixty days* after the mailing to him of notice of such decision or within
04  > such further time as the Commissioner of Social Security may allow.

05  42 U.S.C. § 405(g) (2005) (emphasis added); *see also* 42 U.S.C. § 1383(c)(3) (indicating that

06  § 405(g) applies to applications for SSI).   The Social Security Regulations explain that a

07  claimant may file such a suit "in a Federal district court within *sixty days* after the date [they]

08  receive notice of the Appeals Council's action."  20 C.F.R. §§ 404.981, 416.1481 (2005)

09  (emphasis added).   A claimant is presumed to have received notice of the Appeals Council's

10  action five days after the date on the notice, unless plaintiff shows otherwise.  20 C.F.R. §§

11  404.901, 416.1481, 422.201(c).

12  Ini this case, plaintiff did not file his suit within sixty days of receiving notice of the

13  Appeals Council's action.  The Appeals Council's notice was issued on May 12, 2005.  Dkt.

14  No. 15, Ex. 2.  Plaintiff is presumed to have received it five days later, on or about May 17,

15  2005.  Plaintiff then had sixty days to commence suit.  This period would have ended on or

16  about July 17, 2005.  Plaintiff, however, did not file his IFP and complaint until August 11,

17  2005, almost a month after the deadline had passed.  Even excluding weekends and giving

18  plaintiff every benefit of the doubt, his complaint was not timely filed.

19  Plaintiff has failed to provide a justification for the late filing.  Although plaintiff was

20  advised by the Appeals Council of the above-described deadline and the fact that he could

21  request an extension of time, no extension was requested.  Dkt. No. 15 at ¶ (3)(b) and Ex. 2.

22  Moreover, plaintiff failed to submit a response to the present motion to dismiss, which the

23  Court construes as an indication that defendant's motion has merit.  *See* Local Rule 7(b)(2).

24  Absent waiver by the Commissioner or any compelling equities presented by plaintiff, the

25  Court cannot toll the statute of limitations.  *Banta v. Sullivan,* 925 F.2d 343, 345-46 (9th Cir.

26  1991).  Accordingly, the Court must conclude that plaintiff failed to commence this suit in a

01   timely fashion, and that defendant's motion to dismiss should be granted.

02                                    IV.  CONCLUSION

03          This Court recommends that defendant's motion to dismiss be granted because of

04   plaintiff's failure to file suit within sixty days of the Appeals Council's denial of his request

05   for review.  A proposed Order accompanies this Report and Recommendation.

06          DATED this 16th day of May, 2006.

07

08                                            *James P. Donohue*

09                                            JAMES P. DONOHUE
                                              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 4